Patricia Glaser, State Bar No. 55668
Matthew R. Gershman, State Bar No. 253031
GLASER, WEIL, FINK, JACOBS,
  HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
*Attorneys for Defendant*
*The Endeavor Agency, LLC*

# United States District Court
## for the
## Central District of California

| | |
|---|---|
| BRIAN EVERETT, an individual,<br><br>      Plaintiff,<br><br>   v.<br><br>THE ENDEAVOR AGENCY, LLC, a Delaware Limited Liability Company located in California; and DOES 1-20,<br><br>      Defendants. | Case No. CV10-4895 AHM (AGRx)<br><br>**DEFENDANT THE ENDEAVOR AGENCY, LLC'S:**<br><br>**(1) OBJECTION TO PLAINTIFF'S LATE-FILED AND LATE-SERVED OPPOSITION; AND, IN THE ALTERNATIVE,**<br><br>**(2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date: November 1, 2010<br>Time: 10:00 a.m.<br>Courtroom: 14<br>Hon. A. Howard Matz |

720217

1

ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Brian Everett's ("Plaintiff") Opposition to Defendant The Endeavor Agency, LLC's ("Endeavor") Motion to Dismiss is not only late, but it is also just as bare and conclusory as the First Amended Complaint ("FAC") itself. Because the Opposition is late, the Court should not consider it and grant the Motion. Nonetheless, even the most thorough read through the Opposition cannot detect any explanation as to <u>how</u> the allegations in the FAC state a claim for copyright infringement against Endeavor. Rather, the Opposition simply quotes Plaintiff's legal conclusions from his FAC and then concludes – without any analysis – that such legal conclusions are sufficient to state a claim against Endeavor. Plaintiff is wrong.

As explained in the moving papers, and as not disputed in the Opposition, to survive a motion to dismiss, the law requires more than mere conclusions "disguised as factual allegations" that only amount to a "formulistic recitation of the elements of a cause of action." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007). Despite this standard set forth by the U.S. Supreme Court, looking past Plaintiff's bare legal conclusions in his Opposition, the only clear explanation from Plaintiff is that (i) CBS – not Endeavor – aired the allegedly infringing television show, and (ii) certain unidentified "creators" – not Endeavor – allegedly copied Plaintiff's work in developing the CBS television show. Such allegations cannot support Plaintiff's purported claims against Endeavor for direct, contributory, and vicarious copyright infringement.

Moreover, because it is clear from the FAC and the Opposition that Endeavor is not the one that could have infringed on Plaintiff's work, leave to amend should be denied. Indeed, Plaintiff confirms as much when he repeatedly asserts in his Opposition that his allegations "could not be more specific." Opposition, 6:26, 7:14.

For these reasons, and as more fully explained below and in the moving papers, Endeavor respectfully requests the Court grant its Motion without leave to amend.

720217

2

ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II. THE COURT SHOULD DISREGARD THE LATE OPPOSITION

The Court may disregard late opposition papers and deem the Plaintiff's failure to follow the rules as consent to the granting of the motion:

> The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Central District Local Rule 7-12.

In this case, with a hearing on Endeavor's Motion set for November 1, 2010, Plaintiff filed and served the Opposition just fourteen days prior on October 18, 2010. However, Local Rule 7-9 requires filing and service of opposition papers "not later than twenty-one (21) days before the date designated for the hearing of the motion." Therefore, pursuant to Central District Local Rule 7-12, the Court may disregard the late-filed and late-served Opposition.[1]

Disregarding Plaintiff's late Opposition is particularly warranted here, because Plaintiff's failure to follow the rules unfairly prejudices Endeavor. In particular, Plaintiff waited to file his Opposition until the last day to file reply papers – October 18, 2010.[2] Not only does Plaintiff's late filing unfairly prejudice Endeavor's ability

---

[1] In *Ghazali v. Moran*, the Ninth Circuit affirmed dismissal of an action pursuant to a similar Nevada local rule when the plaintiff failed to file an opposition to the defendant's motion to dismiss. 46 F.3d 52, 53-54 (9th Cir. 1995); *accord ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006) (holding "strict enforcement" of a similar local rule when a party fails to timely file an opposition is not inconsistent with policies favoring amendment of pleadings instead of dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming dismissal pursuant to a similar local rule when the plaintiffs failed to respond to the motion to dismiss).

[2] *See* Central District Local Rule 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence.").

3

ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

to reply, but it also hinders the Court's ability to prepare for the November 1, 2010 hearing. The Opposition offers no reason for Plaintiff's failure to follow the rules.

The Court should therefore disregard Plaintiff's late Opposition.

## III. EVEN IF THE COURT CONSIDERS THE LATE OPPOSITION, PLAINTIFF FAILS TO EXPLAIN HOW THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT ARE SUFFICIENT TO STATE A CLAIM AGAINST ENDEAVOR

### A. Plaintiff Has Not Alleged Sufficient Facts To State A Claim For Direct Infringement.

Plaintiff's Opposition does not explain how the FAC alleges direct infringement against Endeavor. Quite the opposite, the Opposition makes clear that certain unidentified clients of Endeavor – not Endeavor – allegedly copied Plaintiff's work in developing a CBS television show:

> "Endeavor intentionally provided Plaintiff's copyrighted works to Endeavor clients; that was thereafter copied with Endeavor's knowledge to create '*Welcome to the Captain*.'"

Opposition, 6:24-25. Accordingly, Plaintiff has not (and cannot) state a claim for direct infringement against Endeavor.

Moreover, the Opposition fails to distinguish *Miller v. Facebook, Inc.*, which supports dismissal in this case. Relying on the U.S. Supreme Court's ruling in *Twombly*, the District Court in *Miller* held a plaintiff's conclusory statement that the defendant had "published" the copyrighted work was insufficient to allege "how [the defendant] copied, displayed or distributed infringing copies of [the copyrighted work]." *Miller v. Facebook, Inc.*, No. C 10-00264 WHA, 2010 U.S. Dist. LEXIS 31534, at *6-*9 (N.D. Cal. Mar. 31, 2010). Here, like the deficient allegations in *Miller*, Plaintiff's FAC contains <u>no factual allegations to explain how Endeavor directly infringed</u> on Plaintiff's work. Although, the Opposition relies on Paragraph 17 of the FAC to support a claim against Endeavor (just as predicted in the moving

papers), Paragraph 17 actually undermines Plaintiff's claim against Endeavor by accusing certain unidentified "creators of '*Welcome to the Captain*'" – <u>not Endeavor</u> – of copying Plaintiff's work.  FAC, ¶ 17.

Plaintiff also misplaces his reliance on *Perfect 10, Inc. v. CCBill LLC*, which actually supports Endeavor in this case.  In that case, the Ninth Circuit held that with respect to the plaintiff's direct infringement claim, there was a triable issue of fact as to whether the defendant operated a website that had posted the plaintiff's copyrighted pictures.  488 F.3d 1102, 1119-20 (9th Cir. 2007).  Here, in contrast, Endeavor in this case is not even alleged to have operated CBS, which had broadcasted the allegedly infringing television show.  Nor could Plaintiff make such allegations, as Endeavor is merely a talent agency.  FAC, ¶ 3 ("Endeavor *inter alia* is a talent agency … .").  Thus, dismissal without leave to amend is appropriate.

Plaintiff further misplaces his reliance on *Metcalf v. Bochco*, which is inapposite.  In *Metcalf*, the plaintiffs pitched their television pilot script to the defendant, Bochco, who rejected the plaintiffs' pitch.  294 F. 3d 1069, 1072 (9th Cir. 2002).  Approximately eight years later, a television show, which was produced and written by Bochco, aired on CBS, and the plaintiffs believed Bochco's show infringed on their previously rejected television pilot script.  *Id.*  The Plaintiffs then sued Bochco for direct infringement, and the Ninth Circuit explained that the plaintiffs would have to show, among other things, that Bochco copied their script.  *Id.*  Here, unlike in *Metcalf*, Plaintiff has not sued the producers or writers of the allegedly infringing CBS television show.  Rather, for reasons unknown, Plaintiff has decided to sue Endeavor, which is merely alleged to have been the talent agency for the unidentified "executive producers" of the allegedly infringing CBS television show.  FAC, ¶¶ 3, 17.  Thus, *Metcalf* has no bearing here, where Plaintiff has oddly decided to sue a talent agency instead of the producers or writers of the allegedly infringing work.

720217

5
ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

In sum, the Court should dismiss Plaintiff's purported claim for direct infringement. Moreover, because Plaintiff acknowledges in his Opposition that his "factual allegations could not be more specific," leave to amend should be denied. Opposition, 6:26.[3]

### B. Plaintiff Has Not Alleged Sufficient Facts To State A Claim For Contributory Infringement.

The Opposition does not deny that, to properly allege contributory infringement, Plaintiff must allege (i) knowledge of the infringement and (ii) material contribution to or inducement of the infringement. Yet, Plaintiff's Opposition merely quotes legal conclusions set forth already in his FAC without any explanation as to how the FAC adequately alleges knowledge and contribution or inducement. In particular, the Opposition relies upon quoted text from Paragraphs 17-19 and 37-40 of the FAC to support Plaintiff's claim against Endeavor for contributory infringement. However, none of those allegations suffice.

For instance, Paragraph 17 of the FAC concludes that Endeavor "provided" certain unidentified "creators" with Plaintiff's work and that those "creators" used Plaintiff's work in developing a CBS television show. But nowhere in Paragraph 17 – let alone anywhere else in the FAC or in the Opposition – does Plaintiff allege how Endeavor had knowledge of the allegedly infringing activity. Rather, Plaintiff appears to infer in his Opposition that Endeavor knew of the alleged infringement merely because Endeavor was a talent agency for the unidentified executive producers of the CBS television. However, as explained in *Miller* (and as not disputed in Plaintiff's Opposition), more is required to adequately allege the element of knowledge. *Miller*, 2010 U.S. Dist. LEXIS 31534 at *11-*12 (holding the plaintiff adequately alleged the element of knowledge by alleging the defendant had received a

---

[3] Where it is apparent that amendment of a complaint would be futile, it is proper to deny leave to amend. *E.g., Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

720217

6

ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2) REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

letter putting the defendant on notice of continuing infringement). Moreover, Plaintiff's knowledge argument ignores black-letter law that a principal's knowledge is not imputed to the agent. *See* Motion at 7 n.3. In other words, as merely an agent, Endeavor is not presumed to know what its principals (i.e., the "executive producers") may have known at the time. Simply put, Paragraph 17 does not adequately allege knowledge.

Paragraphs 18 and 19 are equally unavailing for Plaintiff. They relate to certain "filmed key concept segments" and "shots" that Plaintiff allegedly "conceived and created" for his television show "concept." However, as explained in the moving papers (which the Opposition wholly ignores), Plaintiff's purported audio/visual works are irrelevant here, because, unlike Plaintiff's written work, Plaintiff does not allege any copyright registration for his purported audio/visual works. *See* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made").

As for Paragraphs 37 through 40, they provide no factual allegations whatsoever and cannot be read as anything more than merely a "formulistic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65, 167 L. Ed. 2d at 940.

Not only does Plaintiff fail to adequately allege the element of knowledge, but Plaintiff also fails to adequately allege any contribution by Endeavor to the alleged infringement. Tellingly, Plaintiff's Opposition does not dispute that a strikingly similar allegation in *Miller* was found to be a mere "legal conclusion disguised as a factual allegation." *Compare* allegation in the FAC, ¶ 38 ("Endeavor induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to reproduce and distribute Everett's works."), *with* allegation in *Miller*, 2010 U.S. Dist. LEXIS 31534 at *13 ("defendant Facebook 'induced and encouraged' the infringement").

1    Moreover, although Plaintiff cites to *Gershwin* as support for his contributory
2 infringement claim, that case actually supports Endeavor here.  Specifically, the
3 *Gershwin* Court affirmed a judgment of contributory infringement where the
4 defendant put on concerts that included infringing musical performances.  *Gershwin*
5 *Publishing Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1160 (2nd Cir.
6 1971).  When compared to the allegations in this case, the defendant in *Gershwin* is
7 like CBS here – not Endeavor – because CBS is the one that put on the allegedly
8 infringing television show.  FAC, ¶¶ 1, 12, 16-19.

9    Plaintiff also relies upon *Ellison* to support his contributory infringement claim,
10 but that case also supports Endeavor here.  In *Ellison*, the Ninth Circuit found there
11 was a triable issue of fact as to whether the defendant internet provider, AOL, was
12 liable for contributory infringement, where (i) a phone call and emails to AOL had
13 put AOL on notice of infringing material hosted on its internet service, and (ii) AOL
14 hosted and provided its customers with the infringing material.  *Ellison v. Robertson*,
15 357 F.3d 1072, 1078 (9th Cir. 2004).  In contrast to AOL, Endeavor is not alleged to
16 have received any phone call or emails to put it on notice of the allegedly infringing
17 activity, nor is Endeavor alleged to have hosted or provided the public with the
18 allegedly infringing material.  To the contrary, if anyone in this case hosted or
19 provided allegedly infringing material, it would be CBS, because CBS – not Endeavor
20 – aired the allegedly infringing television show.

21    In addition, although devoid of any analysis, the Opposition also cites to
22 *Perfect 10, Inc. v. Amazon.com, Inc.*, but like *Gershwin* and *Ellison*, that case also
23 supports Endeavor here.  In *Perfect 10, Inc. v. Amazon.com, Inc.*, the Court held the
24 defendant, Google, could be found liable for contributory infringement because it was
25 a medium by which websites could "distribute their infringing copies to a worldwide
26 market."  *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172-73 (9th Cir.
27 2007).  In contrast, if anyone here is like Google in *Perfect 10*, it would have to be
28

720217

8

ENDEAVOR'S (1) OBJECTION TO LATE OPPOSITION, AND, IN THE ALTERNATIVE, (2)
REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   CBS, because CBS – not Endeavor – is the medium by which the allegedly infringing
2   work was broadcasted to the public.  Endeavor is only a talent agency.
3       Simply put, neither quoting directly from the FAC, nor citing to *Gershwin*,
4   *Ellison*, or *Perfect 10* can salvage Plaintiff's deficient claim for contributory
5   infringement.  And because Plaintiff acknowledges in his Opposition that his
6   "contributory infringement allegations could not be more specific," leave to amend
7   should be denied.  Opposition, 7:14.

8       **C.   Plaintiff Has Not Alleged Sufficient Facts To State A Claim For**
9            **Vicarious Infringement.**

10      The Opposition does not dispute that "[v]icarious infringement derives from
11  the agency principles of respondeat superior." *Miller*, 2010 U.S. Dist. LEXIS 31534
12  at *13.  Nor does the Opposition dispute that, in this case, the FAC does <u>not</u> allege
13  Endeavor to be the principal of the alleged infringer.  To the contrary, the FAC
14  specifically alleges that Endeavor is merely an agent of the "executive producers" of
15  the CBS television show.  FAC, ¶ 17.  Therefore, the suggestion in the Opposition
16  that Endeavor could have somehow controlled its alleged clients to prevent the
17  alleged infringement ignores this fatal defect in the FAC.  As such, Plaintiff cannot
18  state a claim for vicarious infringement against Endeavor.
19      In an effort to salvage his claim, however, Plaintiff's cites to *Perfect 10, Inc. v.*
20  *Amazon.com, Inc.*, which actually supports Endeavor here.  In *Perfect 10, Inc. v.*
21  *Amazon.com, Inc.*, the Ninth Circuit concluded the plaintiff would likely be <u>unable to</u>
22  <u>prove vicarious liability</u> against Google for providing the public with access to third-
23  party infringing websites, because, among other reasons, Google did not have a legal
24  right to control the third-party infringing websites.  *Perfect 10, Inc. v. Amazon.com,*
25  *Inc.*, 508 F. 3d 1146, 1173-74 (9th Cir. 2007).  In this case, Endeavor, like Google in
26  *Perfect 10*, would have no legal right to control the alleged third-party direct
27  infringers, because Endeavor is only alleged to have been a talent agency.  As such,
28  there can be no claim against Endeavor for vicarious infringement.

1  Plaintiff also cites to *Ellison* to support his vicarious infringement claim, but
2  that case also supports Endeavor here.  In that case, the Ninth Circuit held the
3  plaintiff's claim for vicarious infringement <u>failed</u>, because there was no evidence that
4  the defendant internet provider, AOL, had received any direct financial benefit from
5  hosting and providing access to infringing material.  *Ellison*, 357 F.3d at 1079.  Here,
6  as explained already in the moving papers, <u>and as not disputed in the Opposition</u>,
7  Plaintiff fails to even allege that Endeavor received a direct financial benefit from the
8  CBS television show.

9  Moreover, Plaintiff is wrong to suggest that the FAC alleges Endeavor received
10 a financial benefit by "creat[ing] a successful television show, thereby enhancing
11 Endeavor's reputation."  Opposition, 9:14-16.  In truth, nowhere in the FAC is
12 Endeavor alleged to have attracted any new clients as a result of the television show
13 aired by third-party CBS.

14 Therefore, Plaintiff cannot allege vicarious infringement against Endeavor.

## IV.     CONCLUSION

16 For all the foregoing reasons, Endeavor's Motion should be granted and
17 Plaintiff's FAC should be dismissed without leave to amend.

19 Dated:  October 22, 2010           By:  _____/s/_____
                                     Matthew R. Gershman
                                     GLASER, WEIL, FINK, JACOBS,
                                         HOWARD & SHAPIRO, LLP
                                     Attorneys for Defendant The Endeavor
                                     Agency, LLC
                                     10250 Constellation Boulevard, 19th Floor
                                     Los Angeles, CA 90067
                                     mgershman@glaserweil.com
                                     Telephone:  310-553-3000